50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul B. GOIST, Plaintiff-Appellant,
v.
Sgt. FERREL; Mr. Sheldon, Case Manager, Defendants-Appellees.
 No. 94-4040.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1995.
 
 1
 Before: NELSON and SUHRHEINRICH, District Judges, and SMITH, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio state prisoner appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages and declaratory relief, Paul B. Goist sued a sergeant and a case manager employed at the Trumbull Correctional Institution. Goist claimed that: 1) prison disciplinary actions against him were taken in retaliation for a grievance he filed regarding his cell transfer; 2) the prison disciplinary actions were an unconstitutional abridgment of his First Amendment right to free speech; 3) he was imprisoned without just cause in violation of his rights under the Eighth Amendment; and 4) he was denied due process of law because he did not receive a hearing before being placed in security control, nor did he have ample time to prepare for a hearing before the prison's Rules Infraction Board.
 
 
 4
 The district court granted summary judgment in favor of the defendants. In his timely appeal, Goist reasserts that prison disciplinary actions were taken against him in retaliation for his filing a grievance. He also argues that his rights under the Eighth Amendment were violated, contending that the defendants were deliberately indifferent to a possible risk of violence resulting from his cell assignment.
 
 
 5
 The latter contention was not advanced in the district court. There Goist claimed that he was placed in segregation without cause, and therefore in violation of the Eighth Amendment. In contrast, on appeal Goist contends that the defendants violated his rights under the Eighth Amendment because the defendants did not move him from his cell as he requested and were thus deliberately indifferent to his safety. Goist's two claims rest on entirely different fact patterns and are similar only because each mentions the Eighth Amendment. This court normally will not address an issue not raised for the first time in the district court unless exceptional circumstances are present. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). No such circumstances are present in this case.
 
 
 6
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 7
 The defendants met their initial burden of showing an absence of evidence to support Goist's claim that prison disciplinary actions were taken against him in retaliation for filing a grievance. See Celotex Corp., 477 U.S. at 325. Goist contends that he was wrongfully placed in disciplinary segregation and found guilty of a rules violation after he filed a grievance against defendant Ferrel. In order to prevail on his claim, Goist must establish that the defendants' conduct "shocks the conscience," Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988), or constitutes an egregious abuse of governmental power. Id. at 950. The defendants averred that Goist requested a transfer to another cell and that the request was denied. Later, Goist confronted them about his dissatisfaction with his cellmate. Goist specifically stated in a forceful manner that he had been involved in two fights with his cellmate and filed an informal grievance against defendant Ferrel that warned of a possible eruption of violence. In response to Goist's admission of fighting with his cellmate, both he and his cellmate were placed in security control pursuant to Ohio Admin.Code Sec. 5120-9-11 and subsequently charged and found guilty of misconduct.
 
 
 8
 In the face of this evidence, Goist was required to present significant probative evidence in support of his complaint in order to defeat the defendants' motion for summary judgment. See Anderson, 477 U.S. at 248-49, LaPointe, 8 F.3d at 378. Goist has not met this burden. Although Goist responded in opposition to the motion for summary judgment, the only evidence he presented to support his claim of retaliation is the temporal proximity between his grievance and the filing of disciplinary charges against him. His allegation that defendants retaliated against him is conclusory and does not designate specific facts showing that there is a genuine issue for trial. See Celotex Corp., 477 U.S. at 324.
 
 
 9
 Accordingly, and because none of Goist's other contentions is meritorious, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation